# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **HARROW INDUSTRIES LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:17-cv-3222 |
| ) | |
| **NEXUS CORPORATION,** ) | |
| **a Colorado Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

In October 2017, Plaintiff Harrow Industries LLC filed a two-count Complaint against Defendant Nexus Corporation, a Colorado Corporation, based on a 1990 Asset Purchase Agreement for the sale of National Greenhouse Company. Plaintiff alleges that Defendant is liable to Plaintiff for damages and is required to defend and indemnify Plaintiff in a pending state court lawsuit alleging asbestos exposure attributable to National Greenhouse Company.

Defendant has moved to dismiss Plaintiff's Complaint, asserting that it was not a party to the Agreement and the

Complaint is devoid of any facts articulating a basis for holding Defendant liable for claims based on the Agreement. Defendant asks the Court to take judicial notice of corporate documents showing that Defendant was not incorporated until 1994.

Because Plaintiff has not plausibly alleged that Defendant is liable for claims based on the Agreement, the Motion is GRANTED. Plaintiff is granted leave to conduct limited discovery and file an amended complaint.

## I. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the parties. Plaintiff is a Delaware limited liability company. The citizenship of a limited liability company is the citizenship of each of its members. Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007). The Court requested, and Plaintiff provided, a statement of citizenship of each member of Plaintiff. See Statement (d/e 14).

Schlage Lock Company LLC (Schlage) is the only member of Plaintiff. Schlage is a Delaware limited liability company. Allegion S&S Lock Holding Company Inc. (Allegion S&S) and Allegion US

Holding Company Inc. (Allegion US) are the only members of Schlage. Allegion S&S is a Delaware corporation with its principal place of business in Indiana. Allegion US is a Delaware corporation with its principal place of business in Indiana.

Therefore, Plaintiff is a citizen of Delaware and Indiana. Defendant is a citizen of Colorado. Complete diversity exists. In addition, the amount in controversy exceeds $75,000 exclusive of interest and costs. Therefore, this Court's jurisdiction is established.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id.

However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id. A court may take judicial notice of documents in the public record when ruling on a motion to dismiss under Rule 12(b)(6). Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015).

### III. ALLEGATIONS IN THE COMPLAINT

Plaintiff's claims are based on a 1990 Asset Purchase Agreement involving the sale of National Greenhouse Company, a company that designs and builds greenhouses and sells products for the use in greenhouses. Plaintiff alleges that Harrow Products, Inc. (Harrow) sold National Greenhouse Company to Defendant pursuant to an Asset Purchase Agreement dated November 14, 1990. Compl. ¶¶ 9, 12, 14 (d/e 1). Harrow is now a division of Plaintiff's corporate structure. Id. ¶ 11.

The Agreement identifies the seller as National Greenhouse Company and the purchaser as Nexus Corporation (which is the same name as Defendant). Compl., Ex. A, Agreement (d/e 1-1). Harrow is identified as the owner of 100% of the stock of the seller. Id., Recitals (A).

The Agreement contains a provision providing that the purchaser assumes certain liabilities of the seller and also providing that, "[e]xcept as provided herein, Purchaser shall be liable for all claims arising after the Closing date from events occurring after the Closing date." Id. ¶ 1.3 (vii); Compl. ¶ 13. The purchaser also agreed to indemnify the seller for certain claims, losses, and liabilities. Id. ¶ 10.2; Compl. ¶ 32.

In 2016, Plaintiff and Defendant were named as defendants in Robert M. Amling and Deborah Amling v. Burnham, LLC et al., Madison County, Illinois, Case No. 2016-L-000111 (the Amling case). Compl. ¶ 15. In that underlying lawsuit, the Amlings allege that Robert Amling was exposed to asbestos fibers emanating from products designed, manufactured, sold, delivered, distributed, processed, applied, specified, or installed by the various named defendants in that action, including Plaintiff and Defendant as

successors-in-interest to National Greenhouse Company. Compl. ¶ 16. The Amlings further allege that this exposure caused Robert's mesothelioma, which was diagnosed on October 7, 2015. Compl. ¶¶ 17, 18.

In the Complaint at issue herein, Plaintiff asserts that Defendant is liable for damages arising out of the Amling case. Specifically, in Count I, Plaintiff alleges that, based on the Agreement, Defendant is liable for any damages related to National Greenhouse Company in the Amling case because the Amlings' claims arose after the closing date of the Agreement from an event that occurred after the closing date of the Agreement. Plaintiff requests a declaratory judgment that Defendant is liable for all amounts expended by Plaintiff regarding National Greenhouse Company in the Amling case.

In Count II, Plaintiff alleges that Defendant owes Plaintiff a contractual duty to defend and indemnify Plaintiff against any claims arising after the closing date of the Agreement. Defendant has purportedly breached its contractual obligations by failing to defend and indemnify Plaintiff against the Amlings' claims.

## IV. DEFENDANT'S MOTION TO DISMISS

In December 2017, Defendant filed a motion to dismiss and asked the Court to take judicial notice of certain documents, including filings with the Colorado Secretary of State.

The Court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080–81 (7th Cir. 1997) (noting that this allows "courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard"). The Colorado Secretary of State documents are matters of public record, and the Court will take judicial notice of those documents. See, e.g., Diaz v. Legion Personnel, Inc., No. 10 C 1500, 2010 WL 3732768, at *2 (N.D. Ill. Sept. 15, 2010) (taking judicial notice of a corporate record maintained by the Illinois Secretary of State).

The Colorado Secretary of State documents show that, on January 12, 1994, Nexus Corporation (Old Nexus) changed its name to Leroy Greenhouse Corporation (Leroy). On February 8, 1994, Defendant was formed when it filed Articles of Incorporation.

On September 30, 2004, the State of Colorado administratively dissolved Leroy.[1]

Defendant argues that it was not a party to the 1990 Agreement on which the Complaint is based, as Defendant was not even incorporated until 1994. Defendant also argues that Plaintiff fails to plausibly allege any basis for holding Defendant liable for claims based entirely on the 1990 Agreement.

In response, Plaintiff asserts that Defendant is a proper party because Defendant owns and operates National Greenhouse Company, and it is a reasonable inference that the entity currently operating National Greenhouse Company is a successor to any liability of the entity that bought National Greenhouse Company from Harrow in 1990. Alternatively, Plaintiff asserts that it should be allowed discovery to determine how National Greenhouse Company passed from Old Nexus to Defendant.

---

[1] Defendant and Plaintiff also submitted documents from a lawsuit filed in this Court by Harrow Products Inc.—the entity that is now a division within Plaintiff's corporate structure—against Leroy, Case No. 94-1524. Defendant submits the documents to show that Plaintiff was aware that Old Nexus had "become Leroy." Def. Mem. at 2. Plaintiff submits documents from that lawsuit to show that Defendant is connected to Old Nexus/Leroy and the National Greenhouse Company. Because the Court does not find that the 1994 case significantly advances either party's positions, the Court will not consider the documents at this time.

# V. ANALYSIS

Plaintiff's Complaint alleges that Defendant was a party to the Agreement. Compl. ¶ 10 (alleging that Defendant has owned and operated National Greenhouse Company since its acquisition via the Agreement); Id. ¶ 13 (alleging that Defendant agreed it would be liable for claims arising after the closing date of the Agreement); Id. ¶ 23 (alleging that Plaintiff and Defendant entered into a valid and enforceable contract); Id. ¶ 31 (alleging that Defendant owes Plaintiff a contractual duty under the Agreement). The State of Colorado documents, of which this Court takes judicial notice, demonstrate that Defendant was not a party to the Agreement because Defendant was not incorporated until several years after the Agreement was executed.

Plaintiff may be able to allege successor liability, but the Complaint currently contains no allegations from which this Court can reasonably infer that Defendant is liable under the Agreement on a successor-liability theory. Plaintiff argues that the allegation that Defendant owns and operates National Greenhouse Company (Compl. ¶ 10) is sufficient to plausibly allege successor liability. However, even if the Court infers that Defendant purchased

National Greenhouse Company at some point, the general rule is that a corporation that purchases the assets of another corporation is not liable for the latter corporation's debts or liabilities.  See Vernon v. Schuster, 179 Ill. 2d 338, 344-45 (1997) (Illinois law); Bd. of Cnty. Comm'ns of Cnty. of Park v. Park Cnty. Sportsmen's Ranch, LLP, 271 P.3d 562, 572 (Colo. App. 2011).  While exceptions to this general rule exist, Plaintiff has not alleged any facts from which the Court could infer that any of those exceptions apply.  Vernon, 179 Ill. 2d at 345 (corporation that purchases the assets of another is liable for that corporation's debts and liabilities where the purchasing corporation explicitly or implicitly assumes the debts and liabilities; the transaction amounts to a consolidation or merger; the purchaser is merely a continuation of the seller; or the transaction is for the fraudulent purpose of escaping liability for the seller's obligations); Park Cnty., 271 P.3d at 572 (same).  Because Plaintiff has not plausibly alleged that Defendant is liable under the Agreement, the Motion to Dismiss is granted.

# VI. CONCLUSION

Defendant's Motion to Dismiss (d/e 9) is GRANTED. Plaintiff's request to conduct limited discovery is also GRANTED. The Court refers this matter to Magistrate Judge Tom Schanzle-Haskins to set a limited discovery schedule so that Plaintiff can determine how National Greenhouse Company passed from Old Nexus to Defendant. Judge Schanzle-Haskins shall also set a deadline for Plaintiff to file an amended complaint.

**ENTERED: February 21, 2018**

**FOR THE COURT:**

    _s/Sue E. Myerscough_
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**